**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STEVEN WAYNE WHITLOCK,**

    **Plaintiff,**

v.                                                        Case No.  8:07-cv-451-T-30TGW

**CSO SYSTEMS, INC. D.B.A.**
**SIGNZOO.COM,**

    **Defendant.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss and/or Motion for More Definite Statement (Dkt. 6).  Plaintiff has failed to respond in the requisite time period.  Accordingly, this Court will consider Defendant's Motion without benefit of a response.

**FACTUAL BACKGROUND**

Plaintiff, an artist, created, prior to June 18, 2004, an original work of art known as Southeast Kingfish Chart.  The work of art is registered with the United States Copyright Office and has been since June 2004.  Since its registration, Southeast Kingfish Chart has been published by Plaintiff or Plaintiff has authorized or licensed the copying, printing, reproduction and publishing of the original work of art.  Continually since June 2004, Plaintiff has been the sole owner of the copyright.  According to Plaintiff, prior to August 2006, Defendant infringed the copyright "by manufacturing or causing to be manufactured,

distributing, offering for sale and/or selling, without [P]laintiff's consent, signs and/or wraps for vessels and vehicles imprinted with a reproduction" of a work of art substantially similar to Plaintiff's copyrighted work.  As a result of the alleged infringement, Plaintiff has filed a Complaint seeking an injunction and damages from Defendant for unfair trade practices and competition as well as for copyright infringement. (Dkt. 1).  In response, Defendant has filed the instant motion.

## STANDARD OF REVIEW

At the motion to dismiss stage, this Court must view the Complaint in the light most favorable to Plaintiff and construe all allegations in the Complaint as true.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that a plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . ., [but] the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent."  Quality Foods DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F.2d 989, 995 (11th Cir.1983).  However, a plaintiff must do more than merely "label" his claims.  Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla.1996).

## DISCUSSION

In its Motion to Dismiss, Defendant argues Plaintiff's Complaint should be dismissed as it fails to state a claim upon which relief can be granted.  Alternatively, it asks for an Order directing Plaintiff to provide more specificity as to the dates, times and mediums of

infringement.  In reviewing the allegations in the Complaint, this Court finds Plaintiff has sufficiently complied with the requirements of Rule 8 to withstand a Motion to Dismiss. However, this Court agrees with Defendant that Plaintiff needs to provide more specificity regarding the dates the alleged infringement occurred.  Based on the present allegations, Defendant infringed on Plaintiff's copyright "prior to August 2006," which would include the time prior to Plaintiff's registration of the copyright.  Clearly if such allegations were true, it would be questionable whether Plaintiff's Complaint stated a cause of action.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss and/or Motion for More Definite Statement (Dkt. 6) is **GRANTED**.

2. Plaintiff has twenty (20) days from the date of this Order in which to file and serve an Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida on July 26, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-451 - Motion to Dismiss.frm