**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**STEVEN WAYNE WHITLOCK,**

    **Plaintiff,**

v.                                                           **Case No.  8:07-cv-451-T-30TGW**

**CSO SYSTEMS, INC. d/b/a
SIGNZOO.COM,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss and/or Motion for More Definite Statement (Dkt. 9).  Plaintiff has failed to respond in the requisite time period.  Accordingly, this Court will consider Defendant's Motion without benefit of a response.

## STANDARD OF REVIEW

At the motion to dismiss stage, this Court must view the Complaint in the light most favorable to Plaintiff and construe all allegations in the Complaint as true.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that a plaintiff can prove no set of facts to support his claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . ., [but] the alleged facts need not be spelled out with exactitude, nor must recovery appear

imminent." Quality Foods DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F.2d 989, 995 (11th Cir.1983). However, a plaintiff must do more than merely "label" his claims. Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla.1996).

## **DISCUSSION**

In its Motion to Dismiss, Defendant argues that Plaintiff's Amended Complaint should be dismissed as it fails to state a claim upon which relief can be granted. Alternatively, it asks for an Order directing Plaintiff to provide more specificity as to the dates, times and mediums of infringement.

In a prior Order (Dkt. #7) entered by this Court on July 26, 2007, the Court found that Plaintiff's initial complaint sufficiently complied with the requirements of Rule 8 to withstand a Motion to Dismiss. Nevertheless, in the July 26, 2007 Order, this Court instructed Plaintiff to "provide more specificity regarding the dates the alleged infringement occurred."[1] Pursuant to this Court's instructions, Plaintiff filed an Amended Complaint (Dkt. #8) providing more specificity regarding the dates the alleged infringement occurred. Based on the present allegations, Defendant infringed on Plaintiff's copyright "after April 2006" and Defendant continues to post Plaintiff's copyrighted material on its website.[2] Plaintiff also attached exhibits to the Amended Complaint of advertisements and magazine articles depicting Plaintiff's copyrighted material allegedly infringed upon by Defendant after April of 2006. Accordingly, Plaintiff has sufficiently plead a cause of action based on copyright

---

[1] See Dkt. #7.

[2] See Dkt. #8, Paragraphs 21, 22.

infringement and has provided more specificity as to dates and mediums of infringement. For these reasons, Defendant's motion to dismiss should be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss and/or Motion for More Definite Statement (Dkt. 9) is **DENIED**.

2. Defendant has twenty (20) days from the date of this Order in which to file and serve an answer to the Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida on September 21, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-451.mtd 9.wpd